**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| NUTRIEN AG SOLUTIONS, INC, ) <br> Doing business as ) <br> NUTRIEN FINANCIAL, ) <br> ) <br>                 Plaintiff, ) <br> v. ) <br> ) <br> BROWN BLESSINGS, LLC, ) <br> ) <br>                 Defendant. ) | Case No. _____ |

**COMPLAINT**

Nutrien Ag Solutions, Inc. doing business as Nutrien Financial ("Nutrien" or the "Plaintiff"), by counsel, respectfully moves this honorable court for judgment against Brown Blessings, LLC ("Brown Blessings" or the "Defendant") on the grounds and in the amount as hereinafter set forth:

1. Nutrien is a Delaware corporation authorized to transact business in the Commonwealth of Virginia.

2. Brown Blessings is a limited liability company organized under the laws of Virginia. According to the online records of the Virginia State Corporation Commission, the status of Brown Blessings is currently "Inactive" with the reason for the status being "Automatically Canceled - Registration Fee - Can Reinstate".

3. Brown Blessings' principal office and registered agent are located in Accomack County, Virginia.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court because Brown Blessings' principal place of business and registered agent are located in the Eastern District of Virginia.

## COUNT I - BREACH OF CONTRACT

6. Nutrien repleads Paragraphs 1 through 5 herein.

7. The Defendant filled out, executed and delivered to Nutrien a Nutrien Financial Credit Application, agreeing to all terms and conditions contained therein (the "Credit Application"). A redacted copy of the Credit Application is attached hereto and incorporated herein as Exhibit 1.

8. After submission of the Credit Application, Nutrien sent the Defendant an Approval Letter approving Defendant's application for credit. A copy of the Approval Letter is attached hereto and incorporated herein as Exhibit 2. Collectively, the Credit Application and the Approval Letter are referred to as the "Agreement".

9. Based upon the agreement by Defendant to the terms of the Credit Application and the Approval Letter, Nutrien opened an account (the "Account") for the Defendant and sold goods on credit to the Defendant. The Account was assigned account number XXX9467.

10. By using the Account, the Defendant agreed to be bound by the terms of the Agreement.

11. The Agreement provides for interest at the rate of twenty-four percent (24%) per annum on the Account in the event of a default.

12. The Defendant purchased goods on credit on the Account and the amount due and owing by the Defendant to Nutrien under the Account is $466,602.99 as of April 30, 2020 of which $415,175.61 is principal. A redacted copy of the A/R Ledger showing the amount due and owing on the Account as of April 30, 2020 is attached hereto as Exhibit 3.

13. The principal due on the Account accrues interest at the rate of twenty-four percent per annum from April 30, 2020.

14. The Defendant used, benefited from or authorized the use of the Account to purchase goods.

15. The Agreement provides for the payment of reasonable attorneys' fees and costs of collection incurred in connection with the Account.

16. The amounts due under the Account are due and payable in full to Nutrien.

17. The Defendant defaulted under the terms of the Agreement and the Account due to its failure to make payments when payments were due.

18. Nutrien, through counsel, made demand upon the Defendant for payment of the Account. A redacted copy of the letter demanding payment is attached hereto as <u>Exhibit 4</u>.

19. Despite demand being made upon the Defendant for payment, the Defendant has failed and/or refused to pay the full amounts owed on the Account.

20. The Account has been referred to the law firm of Spotts Fain PC for collection.

21. The Complaint is filed under oath pursuant to the Affidavit attached hereto as <u>Exhibit 5</u>.

## **COUNT II - QUANTUM MERUIT/UNJUST ENRICHMENT**
**(Pled in the Alternative)**

22. Nutrien repleads Paragraphs 1 through 21.

23. To the extent the Court determines there is not an express contract between Nutrien and the Defendant, the Defendant benefited from the use of the goods purchased using the Account.

24. The Defendant had knowledge of the benefit of the goods purchased and credit extended using the Account.

25. The Agreement reasonably notified the Defendant that Nutrien is legally entitled to be paid on the Account.

26. Because the Defendant accepted the benefit of the goods and credit provided by Nutrien, it is inequitable for the Defendant to retain the benefit of same without compensating Nutrien for their value.

### COUNT III - ACCOUNT STATED
**(Pled in the Alternative)**

27. Nutrien repleads Paragraphs 1 through 26. To the extent the Court determines there is not an express contract between Nutrien and the Defendant, the Defendant used or authorized the use of the Agreement and the Account for the purchases of goods and extension of credit from Nutrien.

28. By using or authorizing the use of the Agreement and the Account, the Defendant accepted the terms and conditions of the Agreement and the Account and thus expressly and/or impliedly promised to pay the balance due on the Account.

29. Nutrien provided, and upon information and belief, the Defendant received, statements of account (the "Statements of Account") which stated the amounts owed and charged to the Account.

30. The Statements of Account reasonably notified the Defendant that Nutrien is legally entitled to be paid on the Account pursuant to the terms of the Agreement.

31. The Defendant failed to timely object to or dispute the Statements of Account and has failed to pay the balance owed on the Account pursuant to the terms of the Agreement.

WHEREFORE, Nutrien Ag Solutions, Inc. doing business as Nutrien Financial, by counsel, respectfully requests:

      (i)      Entry of a judgment in its favor against Brown Blessings, LLC in the amount of $466,602.99, plus interest at the rate of twenty-four percent (24%) per annum on the principal balance of $415,175.61 from April 30, 2020 until paid in full, plus attorneys' fees in an amount up to $115,000.00, plus costs as allowed by the Court;

      (ii)     Allowing Nutrien to ask the Court to reopen this matter for an award of additional attorneys' fees incurred in the future; and

      (iii)    For such other and further relief as the Court deems just and proper.

                                                    NUTRIEN AG SOLUTIONS, INC.
                                                    Doing business as
                                                    NUTRIEN FINANCIAL


                                                    By:    /s/ Timothy G. Moore
                                                                   Counsel


Timothy G. Moore (VSB # 41730)
*tmoore@spottsfain.com*
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Post Office Box 1555
Richmond, Virginia 23218
Telephone:  (804)-697-2000
Facsimile:  (804)-697-2100
*Counsel for Nutrien Ag Solutions, Inc.*
*Doing business as Nutrien Financial*